**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose CHECCHINI, Defendant–Appellant.**

**No. 91–50598.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1992.

Decided June 23, 1992.

Steven Zipperstein, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

William J. Genego, Santa Monica, Cal., for defendant-appellant.

Before: TANG, SCHROEDER, and BEEZER, Circuit Judges.

TANG, Circuit Judge:

Jose M. Checchini pleaded guilty to attempting to export items on the Munitions Control List without a license, in violation of 22 U.S.C. § 2778(c). At sentencing, the district court denied Checchini credit for time spent under house arrest in Italy prior to his extradition. The district court sen-

tenced Checchini to 33 months in prison. Checchini appeals the sentence imposed by the district court. We affirm.

## BACKGROUND

In April 1988, Checchini delivered an air conditioner box to the Los Angeles International Airport. The box was destined for Cali, Colombia. Due to Checchini's nervous behavior, United States Customs Agents opened the box for inspection prior to shipment. Inside the agents discovered four fully-automatic Colt AR–15 assault rifles, sixteen live hand grenades, six bulletproof vests and groin panels, and one pair of night vision goggles.

In August 1988, Checchini moved to Mestre, Italy. Three months later, the federal government filed an indictment against Checchini charging him with the attempted shipment of weapons on the Munitions Control List (22 C.F.R. § 121.1) without a license, in violation of 22 U.S.C. § 2778(c). On September 11, 1989, Italian authorities arrested Checchini on an extradition warrant.

Checchini fought extradition. Pending the outcome of the extradition proceedings, Checchini spent approximately seven months in an Italian jail and 88 days under house arrest. While under house arrest, Checchini was confined to his apartment twenty-four hours a day, seven days a week.

After the Italian Supreme Court denied his appeal, Checchini was extradited to the United States. On July 2, 1991, Checchini pleaded guilty to one count of attempting to export items on the Munitions Control List without a license.

At sentencing, Checchini argued that 18 U.S.C. § 3585(b) entitled him to credit against his sentence for the 88 days he spent under house arrest in Italy. The district court denied the credit. Checchini timely noticed his appeal to this court.[1]

## DISCUSSION

■ Whether the district court has the legal authority under section 3585(b) to grant prison credit is a question of statutory construction to be reviewed de novo. *See Home Sav. Bank, F.S.B. v. Gillam*, 952 F.2d 1152, 1156 (9th Cir.1991) (questions of statutory construction reviewed de novo).

■ Section 3585(b) of 18 U.S.C. provides:

(b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Checchini contends that the district court erred in denying him credit for the time spent under house arrest in Italy. We disagree.

This court has previously ruled that district courts have the power to grant credits under section 3585(b). *United States v. Chalker*, 915 F.2d 1254, 1256–58 (9th Cir. 1990). However, the Supreme Court recently ruled that district courts lack that authority. *United States v. Wilson*, —— U.S. ——, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992) ("[W]e conclude that § 3585(b) does not authorize a district court to compute the credit at sentencing."). The prerogative to grant such credit, the Supreme Court explained, rests with the Attorney General in the first instance. *Id.* 112 S.Ct. at 1354–55. Furthermore, under the statutory scheme, credits cannot be calculated until the defendant actually commences serving her or his sentence. *Id.* Because

1. We dispose of Checchini's second argument raised on appeal in a memorandum disposition

filed concurrently with this opinion.

Checchini remains on bail, any credit determination would be premature.

Because *Wilson* and *Chalker* are flatly inconsistent, we must depart from our prior precedent and, in accord with *Wilson,* hold that the district court lacked jurisdiction to grant Checchini credit for the time spent under house arrest in Italy. *See United States v. Lancellotti,* 761 F.2d 1363, 1366 (9th Cir.1985) (three-judge panel may depart from precedent if it is inconsistent with an intervening Supreme Court decision). Checchini must commence serving his sentence and exhaust his administrative remedies before he can petition for judicial review of the Attorney General's denial (if any) of credit for time served under house arrest. *See Wilson,* 112 S.Ct. at 1355; *United States v. Martinez,* 837 F.2d 861, 865–66 (9th Cir.1988).[2]

Because the district court had no authority to act under section 3585(b), its failure to grant the credit requested by Checchini was not improper.

AFFIRMED.

**2.** We, of course, express no opinion on whether Checchini's house arrest qualifies as "official detention" within the meaning of section 3585(b).