990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario J. TAYLOR, Defendant-Appellant.
 No. 92-10213.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1993.*
Decided March 24, 1993.
 
 Before GOODWIN, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mario Taylor appeals his sentence resulting from a jury conviction for aiding and abetting the counterfeiting of United States currency, in violation of 18 U.S.C. §§ 2 and 472. We affirm. In a separate published opinion, we reject his contentions concerning the enhancement of his sentence pursuant to U.S.S.G. § 2B5.1(b)(2).
 
 I.
 Credit for Pretrial Time Served
 
 3
 In sentencing Taylor, the district court did not address whether he should be given credit for pretrial time served at a halfway house. Taylor argues that this constituted error pursuant to 18 U.S.C. § 3585(b).[1]
 
 
 4
 The United States Supreme Court recently held "that § 3585(b) does not authorize a district court to compute the credit at sentencing." United States v. Wilson, 112 S.Ct. 1351, 1354 (1992). The Attorney General is responsible for the computation of credit for time served after the defendant begins his sentence. Id. at 1354-55. A defendant must "commence serving his sentence and exhaust his administrative remedies before he can petition for judicial review of the Attorney General's denial (if any) of credit for time served." United States v. Checchini, 967 F.2d 348, 350 (9th Cir.1992).
 
 
 5
 In this case, Taylor is not appealing a denial of credit by the Attorney General. Because Taylor had not commenced serving his sentence at the time of sentencing and because it is the Attorney General's responsibility to compute credit for detention prior to the commencement of the sentence, the district court did not have jurisdiction to order credit for pretrial time served and, therefore, did not err by failing to address that issue.
 
 II.
 Motion to Suppress
 
 6
 We need not reach the issue of whether the counterfeit currency discovered in the crawl space where Taylor was arrested is admissible. Taylor does not challenge the admissibility of $840 of potentially passable counterfeit currency seized from a locker belonging to Taylor. The counterfeit money and paper shavings discovered in Taylor's locker are sufficient to warrant the sentence enhancement under section 2B5.1(b)(2). Because we find that section 2B5.1(b)(2) was properly applied, Taylor's offense level would be fifteen regardless of whether the currency seized from the crawl space is admissible.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. § 3585(b) provides:
 (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 (1) as a result of the offense for which the sentence was imposed; or
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
 that has not been credited against another sentence.