992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brenda DEMERS, Defendant-Appellant.
 No. 92-30322.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1993.
Decided May 5, 1993.
 MEMORANDUM*
 
 1
 Before CANBY and REINHARDT, Circuit Judges, and TASHIMA, District Judge*.
 
 
 2
 Defendant-Appellant Brenda Demers appeals the denial of her motion for acquittal for possession with intent to distribute and motion for a new trial based on ineffective assistance of counsel. Demers further contends that the district court erred by failing to credit her sentence for time served in custody prior to commencement of her sentence. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. For the reasons stated below, we affirm on all grounds.
 
 I.
 
 3
 Demers contends that the evidence was insufficient to sustain a conviction for possession with intent to distribute in violation of 21 U.S.C. § 841(a). In reviewing this claim, we consider the evidence in the light most favorable to the government to determine if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992).
 
 
 4
 In order to prove possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a), the government must establish that the defendant (1) knowingly, (2) possessed cocaine, (3) with an intent to distribute it. United States v. Ocampo, 937 F.2d 485, 488 (9th Cir.1991). Demers concedes that she knowingly possessed cocaine. However, she contends the evidence presented at trial was insufficient to demonstrate an intent to distribute.
 
 
 5
 At trial, Demers' friend, Sandra Hollister, testified that Demers had supplied her, her boyfriend, and Demers' boyfriend with cocaine on several occasions. She further testified she and Demers had once used cocaine that Demers had provided. Hollister's testimony that Demers actually gave her cocaine is sufficient on its own to support a finding that Demers possessed cocaine with an intent to distribute. Demers' assertion that Hollister's testimony simply demonstrates an intent to possess cocaine for personal use with friends is without merit in light of the fact the offense requires merely an intent to deliver narcotics to another person.
 
 
 6
 In addition to Hollister's testimony, Dale Blomquist, Demers' supplier, testified that Demers telephoned him several times to arrange cocaine purchases. On six to eight occasions, he sold her one ounce quantities of cocaine. Agent Costigan testified that a one ounce quantity of cocaine indicated a purchase for distribution, not personal use. Moreover, the government introduced evidence that Demers had carried $1,748.00 cash on her person.
 
 
 7
 A rational jury could have inferred from Hollister's testimony, the large amount of cash in Demers' possession and the quantity of drugs Demers purchased that Demers possessed the requisite intent to distribute cocaine. Thus, when viewed as a whole and in the light most favorable to the prosecution, the evidence was sufficient to support the conviction. Accordingly, we affirm the lower court's denial of Demers' motion for acquittal as to possession with intent to distribute.
 
 II.
 
 8
 Demers contends the district court erred in denying her motion for a new trial based on ineffective assistance of counsel. An ineffective assistance of counsel argument is more properly raised by collateral attack on the conviction under 28 U.S.C. § 2255. United States v. Robinson, 967 F.2d 287, 292 (9th Cir.1992). We may, however, address the merits of an ineffective assistance of counsel claim on direct appeal if "the record is sufficiently complete to allow us to decide the issue." United States v. O'Neal, 910 F.2d 663, 668 (9th Cir.1990).
 
 
 9
 Here, the district court held an evidentiary hearing to address appellant's claims of ineffective assistance of counsel. The factual record was sufficiently developed below to enable us to review these claims.
 
 
 10
 Demers contends she was denied effective assistance of counsel due to her attorney's failure to (1) personally interview the government's chief witness; (2) call potential defense witnesses or present evidence to provide a legitimate explanation for the large amount of cash she possessed; (3) object to the testimony of two surprise witnesses; (4) adequately prepare her before and during trial; (5) timely file a motion for acquittal and a motion related to detention; and (6) fully inform her of plea bargaining opportunities. Demers further asserts her counsel denied her the right to testify and used alcohol during trial. Each of these claims lacks either legal merit or factual support in the record.
 
 
 11
 Whether a defendant received ineffective assistance of counsel is a legal question reviewed de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and that this deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 12
 Counsel has a duty to conduct a reasonable investigation. Ames v. Endell, 856 F.2d 1441, 1444 (9th Cir.1988). However, defense counsel's duty of investigation is determined by the facts counsel knows. Id. Demers' counsel testified that he was never told that one of the potential witnesses was Demers' financial advisor or that Demers had a large divorce settlement which could explain the large amount of cash in her possession. Thus, his tactical decisions not to call potential defense witnesses or to present evidence regarding Demers' assets did not fall outside the range of competent representation.
 
 
 13
 "A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel." People of Territory of Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984). Because the failure to object to the testimony of the government's surprise witnesses may have been an appropriate strategic decision within the range of competent assistance, it cannot form the basis of an ineffective assistance of counsel claim. Moreover, Demers' counsel testified that he chose not to object to Hollister's testimony after learning from Demers that the anticipated testimony was likely to be favorable.
 
 
 14
 With respect to counsel's preparation of Demers, the district court found that Demers' counsel adequately prepared her for trial before and during the proceedings. The record indicates that counsel met with Demers and spoke with her by telephone on numerous occasions prior to trial. Counsel met with Demers during and after trial every day except one. Counsel's preparation of his client did not fall below an objective standard of reasonable representation.
 
 
 15
 Demers' counsel testified that a personal interview with Blomquist was unnecessary because he reviewed transcripts of extensive police interviews with Blomquist and discussed Blomquist's anticipated testimony with Demers. The record demonstrates that counsel's cross-examination of Blomquist was well within "the wide range of professionally competent assistance." Strickland, 466 U.S. at 687-690. Thus, Demers has failed to demonstrate prejudice from her counsel's failure to personally interview Blomquist. Accordingly, this error cannot form the basis of an ineffective assistance of counsel claim.
 
 
 16
 Similarly, Demers was not prejudiced by her counsel's failure to make an immediate motion related to detention or to file a timely motion for acquittal, since these errors were irrelevant to the outcome of the trial. Nor does the record support the conclusion that Demers was prejudiced by her counsel's purported failure to inform her of plea bargain opportunities. Counsel testified that he advised Demers of the plea bargaining option and told her that several co-defendants, including her brother, had pleaded guilty. Demers conceded that she continued to maintain her innocence and never expressed any desire to plead guilty. Since there is no evidence to suggest that she lost any opportunity to plead guilty, there is no apparent prejudice.
 
 
 17
 Demers' contention that her counsel denied her the right to testify is unsupported by the record. Counsel testified that he gave her no advice regarding whether to take the stand. However, even if counsel had advised her not to testify, her right to testify was not abridged if she heeded such advice irrespective of her desire to take the stand. United States v. Martinez, 883 F.2d 750, 759-61 (9th Cir.1989), vacated on other grounds, 928 F.2d 1470, cert. denied, 111 S.Ct. 2886 (1991).
 
 
 18
 With respect to alleged alcohol use during trial, neither Demers nor any of her witnesses claimed that her counsel's performance was impaired due to the alleged use of alcohol. Absent a showing of prejudice, this ineffective assistance of counsel claim fails.
 
 
 19
 We find that, on this record, Demers has not established ineffective assistance of counsel. This ruling, however, is without prejudice to the issue being raised by collateral attack on a more complete record.
 
 III.
 
 20
 Finally, Demers contends that the district court erred in failing to credit her sentence pursuant to 18 U.S.C. § 3585(b) for time served in custody prior to the start of her sentence. At sentencing, she requested credit for 73 days she had served in custody. She challenges the district court's failure to recite the credit in her sentence and seeks modification of her sentence to reflect the 73 days credit.
 
 
 21
 It is undisputed that Demers is entitled to 73 days credit for time served prior to sentencing. However, the Supreme Court has held that a district court lacks authority to grant jail-term credit at sentencing under section 3585(b). United States v. Wilson, 112 S.Ct. 1351 (1992); see also United States v. Checchini, 967 F.2d 348 (9th Cir.1992). Rather, the Attorney General, through the Bureau of Prisons, is charged in the first instance with determining the amount of the defendant's credit for time served. Id.
 
 
 22
 Since the district court lacked authority to grant credit under section 3585(b), it did not err by failing to credit Demers' sentence for time served. If the Attorney General denies Demers credit for the 73 days, Demers may petition for judicial review after she has exhausted her administrative remedies. Wilson, 112 S.Ct. at 1355; Checchini, 967 F.2d at 350.
 
 
 23
 The judgment is AFFIRMED.
 
 
 
 *
 The Honorable A. Wallace Tashima, District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3