12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis Sanchez RUBIO, Petitioner-Appellant,
v.
Wayne ESTELLE, Respondent-Appellee.
 No. 92-15760.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 30, 1993.*
Decided Dec. 8, 1993.
 
 1
 Before: D.W. NELSON, NORRIS, Circuit Judges, and BELLONI, Senior District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Louis Sanchez Rubio appeals the district court's dismissal and denial of his Sec. 2254 petition. On September 14, 1987, Rubio was convicted of robbery in California state court. He was sentenced to 25 years imprisonment, five years for the offense, plus an additional 20 years as a result of four sentence enhancements. On direct appeal, the state court of appeal struck one of the enhancements. In his habeas petition, Rubio challenges the validity of an additional two enhancements, contending that the predicate 1974 and 1982 convictions are invalid. He argues both that he received ineffective assistance of counsel and that in entering a guilty plea in 1982 he did not knowingly, intelligently, and voluntarily waive his rights to a jury trial, to confront witnesses, and against self-incrimination, in violation of Boykin v. Alabama, 395 U.S. 238 (1969).
 
 
 4
 The district court dismissed Rubio's petition for failure to exhaust his state remedies and, in the alternative, denied the Boykin claims without a hearing on the basis of a procedural default. It also examined the merits of the 1974 ineffective assistance of counsel claim and found it groundless. We vacate the district court's judgment and remand for the district court to appoint counsel and consider the merits of each of Rubio's claims.
 
 
 5
 * The district court found that Rubio's petition contained both exhausted (the Boykin claim and the 1974 ineffective assistance of counsel claim) and unexhausted claims (the 1982 ineffective assistance of counsel claim) and dismissed the petition, citing Rose v. Lundy, 455 U.S. 509 (1982). The district court did so on its own motion, the state having failed to argue nonexhaustion before the district court and failing to do so again on appeal. Indeed, the state conceded exhaustion before the district court.
 
 
 6
 We hold that the district court erred in dismissing the habeas petition for failure to exhaust state remedies. See Granberry v. Greer, 481 U.S. 129 (1987) (exhaustion not jurisdictional requirement; court need not raise nonexhaustion defense for the state sua sponte); Paradis v. Arave, 954 F.2d 1483, 1488 (9th Cir.1992) (refusing to dismiss habeas petition for nonexhaustion when state failed to raise issue before both district court and on appeal); Ames v. Endell, 856 F.2d 1441, 1444 (9th Cir.1987) (refusing to consider state's nonexhaustion arguments after state conceded exhaustion before district court). The district court is therefore instructed to consider all claims, both exhausted and unexhausted, in Rubio's habeas petition.
 
 II
 
 7
 The district court also concluded that Rubio's Boykin claim was procedurally barred because of Rubio's failure to comply with the requirements of the California Supreme Court's decision in People v. Sumstein, 36 Cal.3d 909 (1984). Because Sumstein constitutes an interpretation of the federal Constitution, rather than an independent state procedural requirement, we hold that the district court erred in denying the Boykin claim on the basis of a procedural default.
 
 
 8
 In Coleman v. Thompson, 111 S.Ct. 2546 (1991), the Supreme Court held that a federal habeas claim is procedurally barred only if (1) the highest state court "clearly and expressly" states that its dismissal of the claim rests on a state procedural bar or (2) it "fairly appears" that the state court did not rest its decision primarily on federal law or on state law interwoven with federal law.
 
 
 9
 Because the state court of appeal issued the last reasoned decision, on direct appeal, we look to its opinion to see if the petitioner's claim is procedurally barred. See Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991). The state court of appeal did not "clearly and expressly" state that the petitioner failed to follow a state procedural requirement. Rather, it indicated that the petitioner failed to meet the requirements of Sumstein, a case that interprets the federal Constitution and the Supreme Court's decision in Boykin. Because the court of appeal's decision rested on state law interwoven with federal law, denying Rubio's Boykin claim on procedural default grounds was improper.
 
 III
 
 10
 The district court also considered the merits of the petitioner's 1974 ineffective assistance of counsel claim. It denied it after noting: "While the court has not taken evidence on the 1974 ineffective counsel issue, and absent a procedural bar, an evidentiary hearing may be necessary, the court can infer from the fact that petitioner has falsely asserted that he was not advised of his Boykin rights, that he has been false as to all of his claims." A district court may not dismiss a particular claim simply because it believes the other claims asserted are lacking in merit. It must carefully examine the merits of each claim asserted, and it was error for the district court to do otherwise in this case.
 
 IV
 
 11
 The district court also noted, without elaboration or citation to the record or to relevant authority, that "[p]etitioner's claims that he was not advised of his Boykin rights are frivolous." We find the record less than conclusive in light of the state's failure to provide a transcript of Rubio's 1982 guilty plea colloquy and the petitioner's assertion in the record that neither the court nor his attorney conducted an oral inquiry into whether he understood and intelligently waived his Boykin rights. See, e.g., CR 11 Appendix B at 9.
 
 
 12
 In addition, the parties and the district court treated the state supreme court's decisions in Sumstein and its progeny as controlling, neglecting to consider and measure Sumstein's requirements against the law of this Circuit and of the Supreme Court, both of which must be applied to determine whether the petitioner's sentence enhancements meet constitutional muster. Because that body of law is intricate,[1] and because the district court did not consider and the parties did not brief the merits of petitioner's claims, we remand this case to the district court so that it may give plenary consideration to each claim raised in Rubio's habeas petition.
 
 
 13
 The district court is instructed to appoint counsel to represent the petitioner on remand.
 
 
 14
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert C. Belloni, Senior District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 See, e.g., United States v. Pricepaul, 540 F.2d 417 (9th Cir.1976) (holding that "silence of the record on the Boykin waivers is enough by itself to shift the burden to the government to prove that the plea was voluntary and intelligent"); United States v. Mulloy, slip op. at 9466-69 (9th Cir. September 2, 1993) (overruling Pricepaul in part as a result of intervening Supreme Court precedent and noting that there is presumption of regularity in prior convictions under collateral attack, which can be overcome by affirmative showing on the part of defendant that prior conviction is invalid)