17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Boyd BOND, Defendant-Appellant.
 No. 93-50560.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnny Boyd Bond appeals his twelve-month sentence imposed following revocation of his supervised release. Bond contends the district court erred by refusing to credit his sentence with the 106 days he spent at the Freedom Ranch, an inpatient drug rehabilitation center. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo whether the district court has the authority to grant prison credit under 18 U.S.C. Sec. 3585(b). United States v. Checchini, 967 F.2d 348, 349 (9th Cir.1992).
 
 
 4
 "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... as a result of the offense for which the sentence was imposed." 18 U.S.C. Sec. 3585(b). However, "Sec. 3585(b) does not authorize a district court to compute the credit at sentencing." United States v. Wilson, 112 S.Ct. 1351, 1354 (1992); accord Checchini, 967 F.2d at 350 (sentencing court lacked jurisdiction to grant defendant the requested credit). Instead, a defendant must "exhaust his administrative remedies before he can petition for judicial review of the Attorney General's denial (if any) of credit for time served." Checchini, 967 F.2d at 350.
 
 
 5
 Here, Bond violated the conditions of his supervised release in April 1992. At that time, the district court sentenced him to twelve months' imprisonment but stayed the sentence to allow Bond to enter the Freedom Ranch program. After Bond successfully completed the program, the district court vacated the previous twelve-month sentence and reinstated Bond on supervised release. Later, Bond again violated his supervised release. The district court revoked Bond's supervised release and imposed a twelve-month sentence. The district court denied Bond's request to credit that sentence with the 106 days he spent at the Freedom Ranch.
 
 
 6
 Because the district court lacked jurisdiction to grant Bond credit for the time served at sentencing, the district court's failure to grant the requested credit was not improper. See id.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We express no view on the government's argument that Bond is not entitled to the credit because the Freedom Ranch custody did not result from the present violations of supervised release