19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darlene Naomi GREEN, Defendant-Appellant.
 No. 93-10339.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 11, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darlene Naomi Green appeals her conviction and 41-month sentence following entry of her guilty pleas for manufacturing and aiding and abetting the manufacture of methaqualone, conspiracy to manufacture and distribute methaqualone, and attempting and aiding and abetting to attempt to manufacture and distribute methaqualone in violation of 21 U.S.C. Secs. 841(a)(1), 846 and 18 U.S.C. Sec. 2 and making a false tax return in violation of 26 U.S.C. Sec. 7206(1).
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Green's counsel filed a motion to withdraw as counsel of record and a brief which identified three possible issues for review: whether the district court erred by (1) failing to make a finding that Green knowingly and intelligently waived her constitutional rights in pleading guilty, (2) failing to state its reasons for choosing a particular sentence within the Guideline range, and (3) failing to award Green credit for time spent under house arrest. We have jurisdiction under 28 U.S.C. Sec. 1291, and we grant counsel's motion to withdraw and affirm the district court's judgment.[1]
 
 
 4
 * Guilty Plea
 
 
 5
 "The voluntariness of a guilty plea is generally reviewed de novo on appeal after a defendant has made an unsuccessful attempt to withdraw his plea below." United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993). Nonetheless, although Green did not raise the voluntariness issue or seek to withdraw his plea before the district court, we may address the issue for the first time on appeal because the comments of the district court are on the record and no factual dispute exists concerning their nature. See id. The district court must address the defendant in open court and determine that the plea is voluntary and not the result of force, threats, or promises apart from the plea agreement. Fed.R.Crim.P. 11.
 
 
 6
 At the plea hearing, Green stated that she was a high school graduate with some college education. The district court inquired whether Green understood her right to a jury trial, to call and confront witnesses, and to choose to testify or not. Green stated that she understood her rights and waived them. Further, the court asked Green whether anyone had threatened her or made promises to her other than those set forth in the plea agreement. Green answered "no."
 
 
 7
 Based upon the record, we hold that Green's waiver of her rights was intelligent and voluntary.[2] See Anderson, 993 F.2d at 1437 (examine "totality of circumstances" surrounding a plea when considering the issue of voluntariness); see also Fed.R.Crim.P. 11.
 
 II
 Sentence
 
 8
 The two remaining issues identified by counsel are also without merit. Because the span of the applicable Guidelines range was only ten months, the district court did not err when it failed to provide a statement of reasons for choosing the particular sentence within the Guidelines range. See United States v. Howard, 894 F.2d 1085, 1092 (9th Cir.1990) (statement of reasons necessary only if span of applicable Guidelines range exceeds twenty-four months). Further, the district court did not err when it declined to grant credit for time spent under house arrest. See United States v. Checchini, 967 F.2d 348, 349-50 (9th Cir.1992) (district court is without authority under 18 U.S.C. Sec. 3585(b) to grant prison credit because the prerogative to grant such credit rests with the Attorney General).
 
 
 9
 Accordingly, counsel's motion to withdraw is GRANTED and the district court's judgment is AFFIRMED.[3]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review
 
 
 [2]
 Without citing any authority, Green suggests that the district court erred because it did not explicitly state that the plea was intelligent and voluntary. While Green's suggestion is the better practice, we note that Fed.R.Crim.P. 11 does not impose such a requirement. See Fed.R.Crim.P. 11
 
 
 [3]
 Green's request for appointment of counsel is denied