47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles PANARELLA, Defendant-Appellant.
 No. 94-10396.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 24, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Panarella appeals his eighteen-month sentence imposed following his guilty plea to conspiring to evade currency reporting requirements, in violation of 31 U.S.C. Secs. 5324, 5322. Panarella contends that the district court erred by refusing to credit toward his sentence his time spent under pretrial home detention subject to electronic monitoring, and by denying him a downward departure from the applicable Sentencing Guidelines range, pursuant to U.S.S.G. Sec. 5K2.0. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Authority to Grant Prison Credits for Time Served
 
 
 4
 We review a district court's legal authority to grant prison credits de novo. See United States v. Checchini, 967 F.2d 348, 349 (9th Cir.1992). The district court did not err in refusing to grant Panarella credits for his pretrial detention because it lacks authority to grant credits for time spent under home detention. See id. at 349-50 (district court without authority under 18 U.S.C. Sec. 3585(b) to grant prison credit because the prerogative to grant such credit rests with Attorney General in the first instance).[1]
 
 II
 Refusal to Depart Downward
 
 5
 At sentencing, Panarella requested a downward departure on the basis that his pretrial release conditions were not adequately taken into consideration in the formulation of the Sentencing Guidelines. See U.S.S.G. Sec. 5K2.0. In declining to depart, the district court noted that the circumstances of Panarella's pretrial conditions of release failed to justify "under any theory" a downward departure on the basis of circumstances not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The district court was correct. See United States v. Daggao, 28 F.3d 985, 988-989 (9th Cir.1994).
 
 
 6
 AFFIRMED.
 
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument, Panarella's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At sentencing, the district court denied Panarella credit for time spent under house arrest, finding that the conditions of Panarella's confinement were not "the functional equivalent of incarceration." See Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925-26 (9th Cir.1993). We need not review the correctness of this finding, given the disposition of this appeal