**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Steven P. BENITES, Defendant–Appellant.**

No. 01–50287.

D.C. No. CR–01–00153–RC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 22, 2002.

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

Steven P. Benites appeals his sentence upon revocation of probation. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Benites contends that the district court exceeded its authority by denying his request for custody credits in a probation revocation sentencing hearing. Whether a district court exceeded its legal authority under 18 U.S.C. § 3585(b) is a question of statutory construction that we review de novo. *United States v. Checchini,* 967 F.2d 348, 349 (9th Cir.1992).

Benites correctly states that the Attorney General, and not the district court, is responsible for custody credit determinations in sentencing. *United States v. Wilson,* 503 U.S. 329, 334, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).

We have held, however, that "[b]ecause the district court had no authority to act under section 3585(b), its failure to grant the credit requested ... was not improper." *Checchini,* 967 F.2d 350. Accordingly, the district court's denial of credit to Benites was not error. *See United States v. Pizzichiello,* 272 F.3d 1232, 1240 (9th Cir.2001).[1]

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The question of whether the Attorney General should award credit is not properly before us. *See Checchini,* 967 F.2d at 350.