

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-11-2003

# USA v. D'Ambrosia

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2944

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. D'Ambrosia" (2003). *2003 Decisions.* Paper 278.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/278

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 02-2944
_____

UNITED STATES OF AMERICA

v.

DANIEL D'AMBROSIA,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 01-cr-00197-3)
District Judge: Honorable Dickinson R. Debevoise

_____

Submitted Under Third Circuit LAR 34.1(a)
on June 3, 2003

Before: ALITO, ROTH and STAPLETON, <u>Circuit Judges</u>

(Opinion filed  September 11, 2003)

_____

O P I N I O N
_____

ROTH, Circuit Judge;

Daniel D'Ambrosia has appealed the June 27, 2002, judgment of sentence imposed

by the United States District Court for the District of New Jersey. D'Ambrosia was indicted for racketeering conspiracy. On April 5, 2001, he was granted bail pending trial on the condition that he post a $250,000 bond secured by property and that he be placed under house arrest.

On August 30, 2001, pursuant to a motion filed by the government, a bail revocation hearing was held. The District Court found that D'Ambrosia had violated the conditions of his home confinement, revoked his bail, and committed him to the custody of the Attorney General for confinement. D'Ambrosia was the incarcerated, pending trial, at the Hudson County Jail.

On November 13, 2001, D'Ambrosia moved to have the conditions of house arrest reinstated. On that date, the District Court permitted home confinement under strict conditions, including visual and electronic surveillance. On November 30, D'Ambrosia pled guilty to one count of racketeering conspiracy, pursuant to 18 U.S.C. § 1962(d). He admitted to advancing money to Joseph Servidio with reasonable grounds to believe that the money would be used to make an extortionate extension of credit to Thomas Caruso. He also admitted to conducting an illegal sports bookmaking operation. D'Ambrosia's home detention was continued until sentencing.

On June 26, 2002, at sentencing, D'Ambrosia moved for credit towards his sentence for home confinement. The District Court denied the motion on the ground that it was outside its authority to extend such a credit. D'Ambrosia was sentenced to a period

of imprisonment of 30 months.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

The District Court did not have jurisdiction to hear D'Ambrosia's application for credit pursuant to 18 U.S.C. § 3585 because D'Ambrosia had not exhausted his administrative remedies. *See United States v. Brann*, 990 F.2d 98 (3d Cir. 1993); *United States v. Checchini*, 967 F.2d 348 (9th Cir. 1992)*; United States v. Gonzales*, 65 F.3d 814 (10th Cir. 1995)*; United States v. Herrera*, 931 F.2d 761 (11th Cir. 1991)*; United States v. McGee*, 60 F.3d 1266 (7th Cir. 1995).

The replacement of § 3568 by § 3585 did not change the Attorney General's delegation to the Bureau of Prisons of the authority to determine credit for time served in custody. Pursuant to this authority, the Bureau's regulations set forth the procedures that the prisoner must pursue prior to seeking relief in the district court. *United States v. Lucas*, 898 F.2d 1554 (11th Cir. 1990). In *United States v. Wilson*, 503 U.S. 329 (1992), the Supreme Court held that "§ 3585(b) does not authorize a district court to compute the credit at sentencing." *Id.* at 334*; accord Brann*, 990 F.2d at 103-104. Rather, the Attorney General, acting through the Bureau of Prisons, has the authority to determine prior custody credit in the first instance. *Wilson*, 503 U.S. at 334-335; *accord Brann*, 990 F.2d at 104. Therefore, D'Ambrosia must exhaust his administrative remedies with the Bureau of Prisons before he may seek review of sentencing credit in the district court. *Brann*, 990 F.2d at 103-104 (concluding that, because "[t]he issue of whether there has

3

been proper credit of any prior custody to the term of [defendant's] sentence is not ripe[,] . . . [defendant] must first exhaust his administrative remedies").

For the foregoing reasons, we will affirm the judgment of sentence of the District Court.

_____

TO THE CLERK:

      Please file the foregoing Opinion.

                      By the Court,

                      /s/ Jane R. Roth
                          Circuit Judge