**William D. DUNNE, Petitioner–Appellant,**

v.

**Gary L. HENMAN, Respondent–Appellee.**

No. 88–3848.

United States Court of Appeals, Ninth Circuit.

Submitted May 1, 1989 *.

Decided May 18, 1989.

---

* The panel finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

William D. Dunne, Marion, Ill., in pro per.

Sally R. Gustafson, Asst. U.S. Atty., Seattle, Wash., for respondent-appellee.

Before ALARCON, FERGUSON and THOMPSON, Circuit Judges.

ALARCON, Circuit Judge:

William D. Dunne (Dunne) appeals from the judgment of the district court entered after dismissal of his habeas corpus petition without prejudice. We affirm because we conclude that the district court lacked personal jurisdiction over the Warden of the United States Penitentiary in Marion, Illinois.

This appeal presents a narrow question. Does the district court that imposed sentence have jurisdiction under 28 U.S.C. § 2241 to enforce its order where the petitioner is incarcerated in a federal prison outside the forum state, the petition for a writ of habeas corpus names the warden of that institution as respondent, and the only relief sought is a determination that a federal detainer has been issued by the Attorney General of the United States, acting through the Bureau of Prisons, in violation of petitioner's right to be freed upon completion of his state sentence because his federal sentences have been interrupted in violation of due process and the doctrine of separation of powers? Dunne does *not* attack the validity of the *sentences* imposed by the District Court for the Western District of Washington and the District Court for the Middle District of Pennsylvania. In his petition, Dunne alleges that "28 U.S.C. § 2255 is not applicable" because he is "contesting the resurrection of a terminated federal sentence."

## I.

### PERTINENT FACTS

Dunne is an inmate at the United States Penitentiary, Marion, Illinois, located in the Southern District of Illinois. Dunne is currently serving a fifteen year sentence imposed by the State of Washington. Dunne is housed at the federal penitentiary pursuant to a contract between the State of Washington and the Attorney General of the United States as authorized by 18 U.S.C. § 5003.

On May 13, 1980, Dunne was convicted in the Superior Court of King County, Washington, of escape in the first degree (escape), possession of a machine gun (weapon possession), and taking a motor vehicle without permission (car theft). Sentencing was postponed until the completion of federal criminal proceedings in the District Court for the Western District of Washington.

On September 9, 1980, Dunne was convicted in the District Court for the Western District of Washington of conspiracy and three armed bank robberies. The federal court sentenced Dunne to five years for conspiracy. This sentence was ordered to run concurrently with any sentence imposed by the Superior Court of King County, Washington. Dunne was sentenced to serve three consecutive twenty-five year sentences for the armed bank robbery convictions. The bank robbery sentences were ordered to be served consecutive to the sentence imposed by the state court.

On September 17, 1980, Dunne appeared for sentencing in the Superior Court of King County, Washington. Dunne was sentenced to serve ten years on the escape charge. He was ordered to serve five years on the weapon possession charge and five years for car theft. These five-year sentences were ordered to run consecutively to the escape charge and concurrently with each other for a total of fifteen years.

On March 9, 1984, Dunne was found guilty of attempted escape from the United States Penitentiary at Lewisburg, Pennsylvania, and related charges. Dunne was sentenced by the District Court for the Middle District of Pennsylvania for a total of fifteen years to run consecutively to and not concurrently with any sentence which Dunne was serving or for which he was being detained. In sum, Dunne received a five year sentence for conspiracy from the District Court for the Western District of Washington which was to run concurrently with the first five years of the fifteen year state sentence imposed by the state court in Washington. After termination of the sentence imposed by the State of Washington, Dunne was required to serve three consecutive twenty-five year sentences imposed by the District Court for the Western District of Washington for armed bank robbery, and a fifteen year consecutive sentence for escape and related charges ordered by the District Court for the Middle District of Pennsylvania, for a total federal sentence of ninety years *after* Dunne completes his fifteen year state sentence.

The following facts are set forth in Dunne's section 2241 petition for a writ of habeas corpus. Dunne alleges that he was transported to the Washington State Prison for service of his fifteen year state sentence several days after his September 17, 1980, sentencing hearing. On December 8, 1980, the Attorney General for the United States, designated the Washington State Department of Corrections for concurrent service of his federal sentences. On March 1, 1982, the United States Department of Justice Federal Prison System notified the Washington State Penitentiary that Dunne would serve five years of his federal sentences concurrently with the fifteen year Washington state sentence. The remaining federal sentences would be served consecutive to the state sentence.

On June 3, 1982, Dunne was transferred to the United States Penitentiary at Lewisburg, Pennsylvania, as a Washington state prisoner contracted to federal custody for service of his state sentence. On July 14, 1982, the Warden of the United States Penitentiary at Lewisburg, Pennsylvania, was notified that Dunne was to be changed in status from a state boarder to a federal inmate serving a concurrent five year federal sentence. The Warden was also ad-

vised that upon completion of the five year federal sentence, Dunne would revert to the status of a Washington state boarder.

On May 16, 1984, Dunne's status was changed to that of state boarder. A federal detainer was lodged against him on the same date.

On July 27, 1987, Dunne filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court for the Western District of Washington. On that date, Dunne was incarcerated at the United States Penitentiary at Marion, Illinois. Dunne named Gary L. Henman, Warden of the United States Penitentiary, Marion, Illinois, as respondent. Dunne alleged that he was "being required to serve a federal sentence in installments" in violation of due process and the "separation of powers doctrine."

United States Magistrate John L. Weinberg submitted a report and recommendation to the district court on March 9, 1988. Magistrate Weinberg recommended that Dunne's petition be denied for lack of jurisdiction. On April 19, 1988, the district court adopted the magistrate's report and recommendation and entered a judgment dismissing Dunne's petition without prejudice. Dunne filed a timely notice of appeal on May 5, 1988.

## II.

## STANDARD OF REVIEW

We review independently and nondeferentially a district court's decision on a petition for habeas corpus. *Chatman v. Marquez,* 754 F.2d 1531, 1533–34 (9th Cir.), *cert. denied,* 474 U.S. 841, 106 S.Ct. 124, 88 L.Ed.2d 101 (1985).

## III.

## DISCUSSION

Dunne contends that his petition for habeas corpus was properly filed in the District Court for the Western District of Washington because he is a Washington state prisoner and the Warden of the United States Penitentiary in Marion, Illinois, is merely acting as agent for Dunne's true custodian, the Director of the Washington State Department of Corrections. Dunne argues that the Supreme Court's decision in *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), supports this contention. In its response to Dunne's section 2241 petition for a writ of habeas corpus, the government also relied on *Braden.* The government argued that the district court lacked *"subject matter jurisdiction* since neither the plaintiff nor a proper respondent is within the jurisdiction of the Western District of Washington." (emphasis added).

The magistrate concluded that the petition should be dismissed because "[n]either the petitioner nor the proper respondent is within the jurisdiction of the court." The magistrate did not indicate whether he had accepted the government's argument that *subject matter* jurisdiction was lacking. The district court adopted the recommendation of the magistrate without discussion. Thus, it is unclear whether the magistrate and the district concluded that the District Court for the Western District of Washington lacked *subject matter* jurisdiction based on the government's argument in favor of dismissal of the petition. As will be explained below, the district court erred in adopting the magistrate's conclusion that it lacked jurisdiction because Dunne was not within its territorial limits. This error does not compel reversal, however, because we can affirm on any basis shown by the record. *Smith v. Block,* 784 F.2d 993, 996 n. 4 (9th Cir.1986).

In *Braden* a prisoner incarcerated in an Alabama state prison, after a conviction for a violation of that state's laws, filed a writ of habeas corpus in the District Court for the Western District of Kentucky requesting that the district court issue an order directing that a Kentucky state court afford him a speedy trial on a Kentucky indictment. 410 U.S. at 485, 93 S.Ct. at 1125. In determining whether Kentucky was the proper forum for the filing of Braden's habeas corpus petition, the Court rejected the notion that 28 U.S.C. § 2241(a) created an inflexible jurisdictional rule preventing resolution of the habeas corpus

petition in the Western District of Kentucky because the prisoner was not within the territorial limits of the district court. 410 U.S. at 494–500, 93 S.Ct. at 1129–32. The Court stated that the literal language of section 2241(a) required "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Id.* at 495, 93 S.Ct. at 1130. This rule insures that the custodian will be amenable to service of process. *Id.* The Court held that it was not necessary for the prisoner to be in the "territorial jurisdiction" of the district court where the habeas corpus petition is brought. *Id.*

■ The fact that a prisoner is outside the territorial limits of a federal district court does not deprive it of subject matter jurisdiction. *Chatman-Bey v. Thornburgh,* 864 F.2d 804, 813 (D.C.Cir.1988) (en banc). A district court has *subject matter* jurisdiction over a habeas corpus petition alleging a violation of federal law under federal question jurisdiction. 28 U.S.C. § 1331; 5 C. Wright & A. Miller, Federal Practice and Procedure § 1210 (1969). The Court in *Braden* was solely concerned with the question whether a district court without personal jurisdiction over a person's *custodian,* outside its territorial limits, would have the power to enforce its orders. *Braden,* 410 U.S. at 495, 93 S.Ct. at 1129; *see also Subias v. Meese,* 835 F.2d 1288, 1289 (9th Cir.1987) ("the custodian must be amenable to service of process and the powers of the court."); *Chatman-Bey,* 864 F.2d at 813 ("habeas court must have personal jurisdiction over the 'custodian.'").

■ While 28 U.S.C. § 1391(e) provides for nationwide service of process on officers of the United States, that statute does not extend habeas corpus jurisdiction to persons outside the territorial limits of the district court. *Schlanger v. Seamans,* 401 U.S. 487, 490 n. 4, 91 S.Ct. 995, 997 n. 4, 28 L.Ed.2d 251 (1971); *Chatman-Bey,* 864 F.2d at 813 n. 7. We conclude, therefore, that the district court lacked personal jurisdiction over the named respondent, the Warden of the United States Penitentiary, Marion, Illinois.

■ Dunne contends that his petition for habeas corpus was properly filed in the District Court for the Western District of Washington because he is presently a Washington State prisoner serving a state imposed sentence in a federal prison as a boarder under a contract. He argues that the Warden of the United States Penitentiary in Marion, Illinois, is merely acting as agent for Dunne's true custodian, the Director of the Washington State Department of Corrections. Dunne relies on *Braden* in support of this argument. His reliance is misplaced.

It is true that the Supreme Court in *Braden* treated the Warden of the Alabama State Prison as the agent for the Commonwealth of Kentucky. *Braden,* 410 U.S. at 498–99, 93 S.Ct. at 1131–32. The Court stated that where a prisoner held in one state attacks a detainer lodged against him by another state, "the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian is presumably indifferent to the resolution of [the] prisoner's attack on the detainer." *Id.* (footnote omitted). By adopting this agency theory, the Court has ensured that a federal district court in a state whose conviction or indictment is being challenged by a prisoner incarcerated in another state will have personal jurisdiction over the "true custodian," an official of the demanding state.

We agree that under *Braden* the Warden of the United States Federal Penitentiary at Marion, Illinois, is holding Dunne as agent for the State of Washington while he serves his state sentence. We reject, however, Dunne's argument that the Director of the Washington State Department of Corrections is his "true custodian" for purposes of this section 2241 habeas corpus petition. Under the Court's analysis in *Braden,* the "true custodian" is the official in the state whose indictment or conviction is being challenged. *See Fest v. Bartee,* 804 F.2d 559, 560 (9th Cir.1986) (prisoner convicted in Nebraska but incarcerated in Nevada pursuant to an Interstate Compact was considered to be in the custody of Nebraska for purposes of his challenge to the Nebraska conviction).

This case differs, however, from the problem discussed in *Braden*. Dunne's petition does not challenge the sentence imposed by the State of Washington. Instead, Dunne's petition challenges the execution of his federal sentence by the Attorney General of the United States. Under these circumstances the State of Washington is presumably indifferent to Dunne's attack on the execution of his federal sentence. Because Dunne is attacking the execution of his federal sentence, his "true custodian" is the named respondent, the Warden of the United States Penitentiary at Marion, Illinois.

Under the facts pleaded in Dunne's section 2241 petition, the agency theory explained in *Braden* is inapplicable. Because the State of Washington contractually boards Dunne with his future custodian, the federal warden, Dunne's present custodian is also his "true custodian," and the proper respondent for purposes of Dunne's section 2241 petition challenge to the execution of his future sentences. Accordingly, the District Court for the Western District of Washington did not have personal jurisdiction over the named respondent.

■ Dunne also contends that the Western District of Washington has jurisdiction over his section 2241 petition because he is a Washington state prisoner convicted and sentenced in a state court within the Western District of Washington. Section 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Although Dunne is a State of Washington prisoner, he is not incarcerated in that state. Section 2241(d) applies when the prisoner is confined in that state in which he was convicted and sentenced. *Braden*, 410 U.S. at 497, 93 S.Ct. at 1130; *Schlanger*, 401 U.S. at 490 n. 3, 91 S.Ct. at 997 n. 3. Because Dunne is confined in Illinois, section 2241(d) is inapplicable.

It is true that Congress enacted section 2241(d) in part because of the advantages of having the court which imposed the confinement resolve the habeas corpus challenge. *Braden*, 410 U.S. at 497, 93 S.Ct. at 1130. This *raison d'etre* assumes, however, that the prisoner's challenge is to the conviction or the sentence. Thus, if Dunne were challenging his federal conviction or his federal sentence, his petition would have been properly brought in the District Court for the Western District of Washington. 28 U.S.C. § 2255. Where, as here, however, a prisoner challenges the manner in which the federal authorities are executing his federal sentences, it is not necessarily advantageous to have the federal district court which sentenced him resolve his section 2241 habeas corpus petition. Federal district courts have no authority to monitor the execution of a prisoner's sentence. That task is left to the Bureau of Prisons. The proper forum to challenge the execution of a sentence is the district where the prisoner is confined. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984).

## CONCLUSION

Dunne has challenged the execution of his sentence by the Attorney General of the United States. He does not challenge the imposition of the federal sentences. Under these circumstances, a prisoner must name the warden of the penitentiary where he is confined as respondent and file his action in the district court whose territorial limits include his place of confinement. Failure to file a section 2241 petition attacking the execution of his federal

sentence in the district where he is confined, denies the district court in personam jurisdiction over the warden to carry out its orders. Because Dunne filed this section 2241 petition in the Western District of Washington, the district court lacked in personam jurisdiction over the named respondent. Accordingly, the dismissal of the petition without prejudice is AFFIRMED.