972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Raymond DURHAM, Petitioner-Appellant,
v.
Sharon BENDAL, et al., Respondents-Appellees.
 Nos. 90-35846, 91-35747.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 5, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, David Raymond Durham, an Oregon state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action and 28 U.S.C. § 2254 habeas corpus petition. In prior appeal No. 87-4308, this court found that Durham had exhausted state remedies as to any habeas claim and remanded for further proceedings as to the remaining defendants. In this second set of appeals, Durham contends that the district court erred by (1) dismissing the action as to four defendants for lack of service and (2) construing the action as a habeas petition rather than a civil rights action and dismissing it as to the one remaining defendant.
 
 
 3
 We first must determine whether Durham filed an effective notice of appeal. On October 2, 1990, Durham filed a notice of appeal from the district court's order of September 4, 1990 (appeal No. 90-35846). The September 4 order was not final and appealable because it did not dispose of all claims and all parties. See 28 U.S.C. § 1291; Fed.R.Civ.P. 54(b). Nevertheless, the district court's later entry of a final, appealable judgment on October 30, 1990, and final, appealable order on December 20, 1990, cured the premature appeal. See In re Eastport Assoc., 935 F.2d 1071, 1075 (9th Cir.1991). Accordingly, we have jurisdiction to review the October 30 judgment.
 
 
 4
 On November 23, 1990, Durham filed a second notice of appeal (appeal No. 91-35747). On November 16, however, he had filed a motion to vacate the October 30 judgment. If this motion was timely served, then it possibly tolled the time for appeal and rendered the November 23 notice of appeal ineffective. See Fed.R.App.P. 4(a)(4); Fed.R.Civ.P. 59(e). Regardless, the November 23 notice of appeal was unnecessary; we dismiss appeal No. 91-35747 as duplicative of appeal No. 90-35846.
 
 
 5
 We next address the merits of appeal No. 90-35846. First, Durham contends that the district court erred by dismissing the action as to defendants Shirley Ramer, Aaron Ramer, Rita Hamilton, and Sharon Bendal for lack of proper service.
 
 
 6
 We review for an abuse of discretion the district court's dismissal for failure to prosecute where a defendant was not timely served. Whale v. United States, 792 F.2d 951, 952 (9th Cir.1986). The plaintiff must serve the summons and complaint on each defendant within 120 days after the filing of the complaint. Fed.R.Civ.P. 4(j). If an incarcerated plaintiff proceeding in forma pauperis requests service by the U.S. Marshal and provides "the necessary information to help effectuate service," then the Marshal is responsible for timely service, and the plaintiff has established good cause for failure to comply with Rule 4(j). Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir.1991); Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.1990).
 
 
 7
 Here, Durham filed the complaint in district court on April 9, 1986. Returns of service indicated that the Marshal unsuccessfully attempted to serve the four defendants by mail in May, June, and August 1986 and personally in August 1986 and June 1987. On June 22, 1987, the district court ordered Durham to show cause why the action should not be dismissed as to the four defendants for failure to provide proof of service. On April 18, 1990, after this court had decided the earlier appeal, Durham filed a motion to acknowledge service. On May 3, 1990, the district court ordered the four defendants to respond to the complaint within 30 days. No response was filed, and Durham moved for default judgment on July 30, 1990.
 
 
 8
 The district court denied Durham's two motions on September 4, 1990, and ordered him to show cause why the four defendants should not be dismissed for lack of service. The district court found that Durham's own attempts at service were inadequate. On October 15, 1990, Durham asked the district court to use its authority under Fed.R.Civ.P. 4(c)(2)(B) to appoint two other people to attempt service. Durham also asked the district court to allow service by publication. The district court denied Durham's requests and dismissed the four defendants pursuant to Rule 4(j).
 
 
 9
 The district court abused its discretion by failing to determine whether Durham established good cause for lack of service by providing sufficient information to the Marshal. See Boudette, 923 F.2d at 757; Puett, 912 F.2d at 275. Nevertheless, we may affirm the district court's order on any basis supported by the record. See Dunne v. Henman, 875 F.2d 244, 247 (9th Cir.1989). The district court may sua sponte dismiss a frivolous in forma pauperis complaint before service of process. 28 U.S.C. § 1915(d); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989); see Neitzke v. Williams, 490 U.S. 319, 324 (1989) (complaint is frivolous if it lacks an arguable basis either in law or in fact). Durham's complaint was frivolous because the four defendants were witnesses at Durham's trial and therefore were absolutely immune from suit under 42 U.S.C. § 1983. See Briscoe v. LaHue, 460 U.S. 325, 334-41 (1983); Burns v. County of King, 883 F.2d 819, 821 (9th Cir.1989) (per curiam). Accordingly, we affirm the dismissal of the action as to the Ramers, Hamilton, and Bendal.
 
 
 10
 Durham also contends that the district court erred by construing the action as a habeas petition and dismissing it as to Michael Males, the only remaining defendant.
 
 
 11
 In so far as the action was a section 1983 civil rights action, the district court properly dismissed it because Males, like the other four defendants, was a witness at Durham's trial and therefore was absolutely immune from suit. See Briscoe, 460 U.S. at 334-41; Burns, 883 F.2d at 821.
 
 
 12
 Because Durham contends that he has not raised a habeas claim, he does not challenge on appeal the district court's summary dismissal of any habeas claim.
 
 
 13
 Appeal No. 91-35747 is DISMISSED; the judgment of the district court is AFFIRMED in appeal No. 90-35846.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3