4 F.3d 988
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney Hank WILLIAMS, Defendant-Appellant.
 No. 93-6060.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 19, 1993.
 Decided Sept. 2, 1993.
 
 Appeal from the United States District Court, for the District of South Carolina, at Charleston, No. CR-91-207-2; David C. Norton, District Judge.
 Rodney H. Williams, pro se.
 Albert Peter Shahid, Jr., Asst. U.S. Atty., Charleston, for plaintiff-appellee.
 D.S.C.
 VACATED AND REMANDED.
 Before HALL, PHILLIPS, and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In this action, Rodney Hank Williams sought credit against his federal sentence for time spent in state confinement. The district court dismissed the action for want of administrative exhaustion, finding that Williams had not pursued his remedies with the Bureau of Prisons in accordance with 28 C.F.R. Secs. 542.10-542.16 (1992). See 28 U.S.C. Sec. 3585 (1989); United States v. Wilson, 60 U.S.L.W. 4244 (U.S.1992). The district court in South Carolina did not have jurisdiction to consider this action, and we accordingly vacate the decision of the district court.
 
 
 2
 Because Williams attacked the execution or length of his federal sentence, his claim should have been brought in a 28 U.S.C. Sec. 2241 (1988) action filed in the district where he was confined or where his custodian was located. See Dunne v. Henman, 875 F.2d 244, 248 (9th Cir.1989); United States v. Miller, 871 F.2d 488, 490 (4th Cir.1989); United States v. Brown, 753 F.2d 455, 466 (5th Cir.1985). Williams, who was convicted in the District of South Carolina, was incarcerated in North Carolina. Accordingly, he should have raised his Sec. 2241 claim in an action filed in the district of his incarceration. The South Carolina court was without jurisdiction to consider the claim.
 
 
 3
 We note that Williams' active sentence may have expired. However, he was subject to a term of supervised release of between two and three years. The outcome of his Sec. 2241 claim may have an impact on the length of his supervised release. Therefore, consideration of his claim by a court with jurisdiction over Williams or his custodian is not mooted by any release from incarceration. See United States v. Smith, 991 F.2d 1468, 1470 (9th Cir.1993).
 
 
 4
 We accordingly vacate the decision of the district court and remand with instructions to dismiss the action. The dismissal should be without prejudice to Williams' right to refile, once administrative remedies are fully exhausted, in the district with jurisdiction over him or his custodian.
 
 
 5
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 6
 VACATED AND REMANDED.