59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Brian Ross PUMP, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-56563.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian Ross Pump, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Pump contends that he is entitled to credit to his federal sentence for presentence time spent in state custody. We review de novo, Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), and vacate and remand with instructions to dismiss for lack of jurisdiction.
 
 
 3
 Generally, a federal prisoner who is challenging his federal conviction or his federal sentence must file a Sec. 2255 motion with the sentencing court. 28 U.S.C. Sec. 2255 (1988); Tripati, 843 F.2d at 1162. A federal prisoner who is challenging the manner of execution of his sentence must file a Sec. 2241 petition in the district where he is confined. 28 U.S.C. Sec. 2241 (1988); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989); Brown v. United States, 610 F.2d 672, 677 (9th Cir.1980). Thus, only the sentencing court has jurisdiction to consider challenges to a prisoner's conviction or sentence, whereas only the district court where the prisoner is confined has jurisdiction to consider challenges to the manner of execution of his sentence. Dunne, 875 F.2d at 249; Brown, 610 F.2d at 677.
 
 
 4
 Here, Pump is challenging the manner of execution of his sentence because he is seeking credit to his federal sentence for time spent in state custody. See United States v. Wilson, 503 U.S. 329, 335 (1992) (explaining that under 18 U.S.C. Sec. 3585(b) Attorney General through Bureau of Prisons, rather than district court, computes amount of credit to federal sentence); United States v. Checchini, 967 F.2d 348, 349 (9th Cir.1992) (same). Pump should have raised his claim in a Sec. 2241 habeas petition instead of a Sec. 2255 motion. See Dunne, 875 F.2d at 249. Because Pump is confined within the Northern District of California's jurisdiction, his sentencing credit claim may only be considered by that court, after Pump exhausts his administrative remedies. See Checchini, 967 F.2d at 350; Dunne, 875 F.2d at 249. Accordingly, we vacate the district court's judgment and remand with instructions to dismiss Pump's Sec. 2255 motion for lack of jurisdiction. See Dunne, 875 F.2d at 250.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3