66 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James W. BRAMMER, Petitioner-Appellant,
v.
SUPERIOR COURT OF the STATE OF CALIFORNIA FOR the COUNTY OF
LOS ANGELES; People of the State of California,
Respondents-Appellees.
 No. 94-55362.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James W. Brammer, a California state prisoner, appeals pro se the district court's dismissal of his petition for writ of mandamus. He contends the district court erred when it refused to file his action without prepayment of fees. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 On February 15, 1994, the district court lodged Brammer's petition for writ of mandamus. Brammer's pro se mandamus petition alleged that appellate counsel failed to raise issues which Brammer wanted argued; the prosecution withheld exculpatory evidence; and the states court denied Brammer's requests for transcripts. Because Brammer's petition for mandamus included a challenge to his conviction, the district court denied Brammer's motion to file without prepayment of fees and ordered the clerk to send Brammer the court's habeas corpus form. On appeal, Brammer disavows any challenge to his conviction. Instead, he petitions for mandamus solely to obtain transcripts of pretrial proceedings which he alleges the state courts have denied him but that he needs to prepare a state habeas petition.
 
 
 4
 Although a federal court may grant a writ of habeas corpus when a state prisoner has been denied transcripts needed for state habeas proceedings, Long v. District Court of Iowa, 385 U.S. 192, 194-95 (1966), a federal court lacks jurisdiction to issue a writ of mandamus to a state court, Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir.), cert. denied, 498 U.S. 1123 (1991). Accordingly, we affirm the district court's dismissal of Brammer's mandamus petition. See Dunne v. Henman, 875 F.2d 244, 247 (9th Cir.1989) (appellate court can affirm on any basis supported by the record).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3