95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Byers ESTES, Jr., Defendant-Appellant.
 No. 96-15220.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 26, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant-appellant James Byers Estes, Jr. ("Estes"), a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. We review de novo a district court's denial of a § 2255 motion, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). We have jurisdiction over this appeal under 28 U.S.C. §§ 1291 and 2255. We affirm.
 
 BACKGROUND
 
 3
 On June 17, 1992, Nevada prison authorities released Estes, who was serving a two year state sentence for possession of a controlled substance, into federal custody pursuant to a writ of habeas corpus ad prosequendum. On November 16, 1992, Estes entered a plea of guilty to one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). On March 4, 1993, the district court sentenced Estes to 46 months in federal prison, which was the low end of the applicable range under the United States Sentencing Guidelines ("guidelines"). The court ordered the federal sentence to run consecutively with the state sentence. The court further ordered that Estes' federal sentence would be credited for time served since coming into federal custody. The Bureau of Prisons ("BOP"), however, refused to credit Estes' federal sentence with time served since coming into federal custody because that time had been credited to the Nevada state sentence, and 18 U.S.C. § 3585(b) precludes double crediting.
 
 I. Sentencing Credit
 
 4
 Estes contends the district court erred by not properly crediting his federal sentence with time spent in federal custody prior to his sentencing hearing. The district court concluded that it lacked jurisdiction over this issue. We agree.
 
 
 5
 Generally, a federal prisoner who is challenging his federal conviction or federal sentence must file a § 2255 motion with the sentencing court. 28 U.S.C. § 2255. However, a prisoner challenging the manner of the execution of the sentence must file a motion under 28 U.S.C. § 2241 with the district court where the prisoner is confined. 28 U.S.C. § 2241; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).
 
 
 6
 18 U.S.C. § 3585(b) authorizes the Attorney General, through the BOP, to award credit at the time the defendant begins to serve his federal sentence. United States v. Wilson, 503 U.S. 329, 333-34 (1992). A district court has no authority to compute credit at sentencing. Id.; accord United States v. Checchini, 967 F.2d 348, 349 (9th Cir.1992). Accordingly, federal prisoners who disagree with the BOP's refusal to credit time are challenging the execution of the sentence, not the sentence itself. See Wilson, 503 U.S. at 335 ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility of administering the sentence.").
 
 
 7
 Here, because Estes is challenging the execution of his sentence, he should have raised his claim in a § 2241 habeas petition, instead of a § 2255 motion. As Estes is confined within the Central District of California, his sentencing credit claim may only be considered by that court.[1] See Dunne, 875 F.2d at 249. Accordingly, the district court's properly dismissed Estes' sentence crediting claim.
 
 II. Sentencing Guidelines
 
 8
 Estes also challenges the sentence itself by arguing the district court failed to state its reason for imposing a consecutive, rather than a concurrent sentence in violation of 18 U.S.C. § 3553(c). Because there is no reason why Estes could not have taken a direct appeal with respect to this issue, it is waived and therefore unreviewable. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994) (nonconstitutional sentencing errors that were not raised on direct appeal have been waived and generally may not be reviewed under 18 U.S.C. § 2255).
 
 III. Ineffective Assistance of Counsel
 
 9
 Estes' final argument is that his trial counsel was ineffective. Specifically, Estes claims that his trial counsel should have informed the court that 18 U.S.C. § 3585(b) prohibited crediting his federal sentence with the time spent in federal custody prior to sentencing. This argument is properly raised in a § 2255 motion. See United States v. Stearns, 68 F.3d 328, 329 (9th Cir.1995) (claim of ineffective assistance of counsel raised in a § 2255 motion).
 
 
 10
 The Sixth Amendment guarantees every criminal defendant the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to prevail on an ineffective assistance of counsel claim, a defendant must establish: (1) a deficient performance by counsel; and (2) the deficient performance prejudiced the defendant. Id. at 687. A defendant who fails to satisfy either prong, "has failed to make a claim for ineffective assistance of counsel." United States v. Molina, 934 F.2d 1440, 1447 (9th Cir.1991).
 
 
 11
 Here, without even considering the first Strickland prong, it is clear that Estes cannot establish prejudice. The court sentenced Estes to the low end of the applicable guideline range, thereby providing Estes with the maximum benefit available under the guidelines. Estes does not contest the guideline calculations establishing his offense level, nor does he argue that he was entitled to a downward departure. Moreover, Estes does not argue that the court might have imposed a concurrent, rather than a consecutive sentence, had the court been aware of 18 U.S.C. § 3585(b). Accordingly, Estes has not shown that the court's sentence would have been any different had it been aware of 18 U.S.C. § 3585(b). Because Estes has not established prejudice, his ineffective assistance of counsel claim must fail.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that Estes filed a § 2241 motion in the Central District of California, and then voluntarily dismissed his appeal. Estes v. Henry, No. 94-56670