95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis M. SIMPSON, Defendant-Appellant.
 No. 96-35036.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 26, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Dennis M. Simpson appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Simpson contends that he is entitled to credit toward his federal sentence for time served in state custody between March 26, 1994 and May 16, 1994. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and vacate and remand with instructions to dismiss for lack of jurisdiction.
 
 
 3
 A federal prisoner can challenge his conviction or sentence by filing a § 2255 motion with the sentencing court. 28 U.S.C. § 2255; Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). If challenging the manner of execution of his sentence, a federal prisoner must file a § 2241 petition in the district court that has jurisdiction of him or his custodian. 28 U.S.C. § 2241; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989); Brown v. United States, 610 F.2d 672, 677 (9th Cir.1980).
 
 
 4
 Here, Simpson contends that his sentence is being improperly executed because the Attorney General did not credit his federal sentence for time spent in state custody pursuant to 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 335 (1992) (Attorney General computes amount of credit applicable to federal sentence).[1] The district court construed Simpson's "Motion for Clarification of Sentence" as a § 2255 motion and denied relief on the merits.
 
 
 5
 Because Simpson was challenging the manner of execution of his sentence, he should have raised his claim in a § 2241 petition. See Dunne, 875 F.2d at 249. However, the district court can construe Simpson's motion as a § 2241 petition only if Simpson was incarcerated in the Eastern District of Washington at the time of filing. See id. at 249; Brown, 610 F.2d at 677. Because Simpson was incarcerated in the Central District of California at the time of filing, the district court lacked jurisdiction over Simpson or his "true custodian," the Warden of the United States Penitentiary at Lompoc, California. See Dunne, 875 F.2d at 249. Accordingly, we vacate the district court's judgment and remand with instructions to dismiss Simpson's § 2255 motion for lack of jurisdiction. See id. at 250.
 
 VACATED AND REMANDED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Title 18 of the United States Code section 3585(b) provides that a defendant shall be given credit toward his sentence for time spent in official detention prior to the commencement of his sentence if the time spent was the result of the offense for which he is sentenced and if that time has not been credited toward another sentence. (1985); See Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir.1993)
 
 
 [2]
 Because we vacate and remand Simpson's § 2255 motion on jurisdictional grounds, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal