UNITED STATES of America, Plaintiff,

v.

**Mary Chris Bigole ALFECHE, Defendant.**

**Criminal No. 90–00534–02 HMF/ACK.**

United States District Court, D. Hawai'i.

Dec. 30, 1996.

Daniel A. Bent by Michael K. Kawahara, Asst. U.S. Atty., Honolulu, HI, for U.S.

Adrienne King, Honolulu, HI, for Defendant.

Kaivan S. Fahraji, Honolulu, HI, Interpreter: Tagalog.

## ORDER DISMISSING DEFENDANT'S MOTION TO MODIFY HER SENTENCE FOR LACK OF JURISDICTION

KAY, Chief Judge.

### BACKGROUND

On March 17, 1990, Mary Chris B. Alfeche ("Defendant") was arrested at the Honolulu International Airport after carrying approximately 119.69 grams of crystal methamphetamine in the hollow metal legs and pedestal of a camera tripod. On October 22, 1990, Defendant pled guilty to possession with intent to distribute 100+ grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The late Judge Harold M. Fong sentenced Defendant to the statutory minimum imprisonment sentence of ten years (120 months) set out in 21 U.S.C. § 841(b)(1)(A) (viii). Defendant appealed her sentence which the Ninth Circuit affirmed in a published opinion, 942 F.2d 697 (9th Cir. 1991).

On September 20, 1996, Defendant filed a "motion by petitioner requesting the Court to modify petitioner's sentence and/or issue an order of recommendation that petitioner be deported 6 months prior to sentence expiration." On December 19, 1996, the government filed its opposition to the Defendant's motion.

### DISCUSSION

As a court of limited jurisdiction, this Court must always ensure that it has jurisdiction over the claim before it. Upon review of Defendant's claim, however, the Court finds that it lacks jurisdiction and hereby dismisses Defendant's claim.

■ First, the Court does not have jurisdiction under Fed.R.Crim.P. § 35 to hear Defendant's claim. Under the amended Rule 35,[1] this Court can review Defendant's sentence on three grounds only. Under Fed. R.Crim.P. § 35(a), the Court can revisit a Defendant's sentence upon remand by the Court of Appeals. The Court can also re-sentence the Defendant upon motion by the government one year after sentencing. See Fed.R.Crim.P. § 35(b). Lastly, the Court can re-sentence seven days after sentencing. See Fed.R.Crim.P. § 35(c). None of these grounds exist in this case. There has been no remand, nor any motion by the government. Lastly, it has been over 6 years since Defendant's sentencing. Accordingly, Fed. R.Crim.P. § 35 does not confer the Court with the jurisdiction to hear Defendant's claim.

■ Nor can the Court construe this motion as a § 2255 claim. In her motion, Defendant challenges the execution of her sentence, i.e. the policy that presently requires her to serve her full sentence because she is an alien, when, as a citizen, she would be eligible for a halfway house. In short, Defendant does not challenge Judge Fong's sentence; but challenges how the Bureau of Prisons has executed Judge Fong's sentence since she has been in federal custody. "A petition under section 2255 [however] can test only the propriety of the sentence imposed, not the manner of execution." *United States v. Giddings,* 740 F.2d 770, 772 (9th Cir.1984) (dismissing appellant's 35(a) claim for credit for time spent); *see also Doganiere v. United States,* 914 F.2d 165, 169 (9th Cir.1990) (dismissing petitioner's challenge to the setting of parole); *Dunne v. Henman,*

---

1. Defendant committed her offense after November 1, 1987, thus the amended Fed.R.Crim.P. § 35 applies.

875 F.2d 244, 249 (9th Cir.1989) (dismissing prisoner's due process challenge to the execution of his sentence). Accordingly, under Ninth Circuit case law, the Court lacks jurisdiction to hear Defendant's claim under § 2255.

██ The Defendant does not lack a remedy, however, because "[r]eview of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241." *Giddings*, 740 F.2d at 772. To be effective, a 28 U.S.C. § 2241 petition has to "be addressed to the district court in the district where [Defendant] is confined." *Id.; see also Doganiere v. United States*, 914 F.2d 165, 169 (9th Cir.1990); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir.1989). Defendant is not currently confined in Hawaii but is serving her sentence in Dublin, California which sits in the Northern District of California. Consequently to obtain her sought after reduction, Defendant should file a § 2241 claim in the Northern District of California naming the warden of the penitentiary. *Dunne v. Henman*, 875 F.2d 244, 249–250 (9th Cir.1989); *see also Brown v. United States*, 610 F.2d 672 (1980). More appropriately, Defendant may file a petition for relief with the Bureau of Prisons. This Court, however, lacks jurisdiction over Defendant's claim. Accordingly, the Court dismisses Defendant's claim.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES Defendant's motion to modify her sentence for lack of jurisdiction.

IT IS SO ORDERED.