129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric Nelson BERTRAM, Petitioner-Appellant,
v.
Joseph CRABTREE, Warden, Respondent-Appellee.
 No. 97-35301.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-95-01351-ALH; Ancer L. Haggerty, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eric Nelson Bertram, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C § 2241 petition. Bertram contends that the United States Parole Commission ("Commission") failed to provide proper notice or a prompt parole revocation hearing in violation of his due process and equal protection rights. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, see Ostrosky v. State of Alaska, 913 F.2d 590, 594 (9th Cir.1990), and affirm.
 
 
 3
 I. Notice Requirements Under 18 U.S.C. § 4213(c)
 
 
 4
 Bertram contends that the parole violator's warrant failed to provide him written notice under 18 U.S.C. § 4213(c) in violation of his due process rights. Section 4213(c) mandates that the warrant "shall provide the parolee with written notice of--(1) the conditions of parole he is alleged to have violated as provided under section 4209; (2) his rights under this chapter; and (3) the possible action which may be taken by the Commission." 18 U.S.C. § 4213(c) (repealed 1997).
 
 
 5
 On October 22, 1996, before the district court issued its order, the Commission held a parole revocation hearing at USP Atlanta and revoked Bertram's parole. The National Appeals Board subsequently affirmed the revocation. However, because neither party informed the district court that the parole revocation hearing had taken place, the district court had no knowledge of the hearing when it rendered its decision. In denying Bertram's claim of improper notice under section 4213(c), the district court stated that "[p]resumably, the Commission will comply with the Act and due process in setting and conducting any revocation hearing that is required. If it fails to do so, Bertram is free to file a petition at that time to challenge any defects."
 
 
 6
 Based on the record before the district court, it did not err in denying Bertram's claim because it could not be determined prior to the revocation hearing whether the Commission failed to provide proper notice under section 4213(c). To the extent that the claim is now ripe for review, the record is incomplete. Furthermore, it appears that Bertram should seek any further relief in the Northern District of Georgia where his present custodian is located. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989) ("The proper forum to challenge the execution of a sentence is the district where the prisoner is confined.").[1]
 
 
 7
 II. Hearings Under 18 U.S.C. § 4214(a)(1)(A) and (B)
 
 
 8
 Bertram contends that his due process rights were violated because he was denied prompt probable cause and revocation hearings in violation of 18 U.S.C. § 4214(a)(1)(A) and (B). We disagree. Bertram was not entitled to a probable cause hearing because the warrant was not placed as a detainer against him until after he had been convicted on new federal charges. See 18 U.S.C. § 4214(b)(1) (repealed 1997) (No probable cause hearing required where parolee is convicted on new charges); see also 28 C.F.R. § 2.44(b) (1996) ("In the case of any parolee charged with a criminal offense and awaiting disposition of the charge .... a warrant may be issued and held Ln abeyance"). Furthermore, Bertram was not entitled to a revocation hearing until his subsequent sentence had expired. See Moody v. Daggett, 429 U.S. 78, 84, 86-89 (1976). Accordingly, the district court properly dismissed the claim. See Ostrosky, 913 F.2d at 594.
 
 III. Equal Protection
 
 9
 Bertram also contends he was denied equal protection because the government withdrew a warrant/detainer, reinstated parole, and credited street time to a parolee in another case. We reject this contention because Bertram fails to establish that he was similarly situated to the other parolee. See United States v. Armstrong, 116 S.Ct. 1480, 1487 (1996).[2]
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The government contends that Bertram's claims are moot now that the parole revocation hearing has been held. We disagree because the granting of the hearing does not foreclose Bertram's claims that he was entitled to a prompt hearing and prior notice
 
 
 [2]
 Bertram also contends that (1) the government "defaulted" by not opposing Bertram's claims; and (2) the district court "joined in collusion" with the Commission and the government to delay its ruling until after the parole revocation hearing took place. Because Bertram does not present facts or legal authority in support of either contention, we reject them as frivolous
 Bertram also raises several claims for the first time on appeal which we do not address. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993). We note that any claims Bertram has regarding the parole revocation hearing must be raised in the Northern District of Georgia where the hearing occurred.
 
 
 [3]
 Because nothing contained in the Commission's Notice of Action on the parole revocation or the National Appeals Board's opinion forecloses Bertram's claims that he did not receive proper notice or a prompt revocation hearing, the government's motion to supplement the record on appeal with these documents is denied