**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TIMOTHY FOSTER,

Defendant-Appellant.

No. 99-2312
(D.C. No. CIV-99-313-SC/LFG)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

Defendant Timothy Foster, a prisoner in federal custody, appeals pro se

the district court's denial of his petition for habeas corpus. Although filed as

a 28 U.S.C. § 2255 petition, we construe the petition as properly filed pursuant to

28 U.S.C. § 2241 because Foster attacks the execution, rather than the validity,

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of his sentence. Following entry of that order, Mr. Foster filed this appeal and later, in the district court, filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). [1] The district court has notified us that it intends to grant the motion on the basis that it has no jurisdiction over this action because Mr. Foster is incarcerated in La Tuna FCI, Texas. Thus, if Mr. Foster had filed a motion for remand, we would have granted it in light of the district court's action. See Garcia v. Regents of Univ. of Cal. , 737 F.2d 889, 890 (10th Cir. 1984). Mr. Foster, however, has failed to file any such motion. Therefore, we may not remand this case and will consider the appeal.

In its reply brief, the government contends that we, and the district court, lack jurisdiction over this action. We agree. Mr. Foster is challenging the time credited to him while he was in custody pursuant to the issuance of a detainer. The detainer was issued by the United States District Court for the District of New Mexico. It was served on Mr. Foster's custodian at the time, the San Juan County Jail in Aztec, New Mexico. Mr. Foster filed this petition while he was incarcerated at the Phoenix FCI in Arizona. He is now incarcerated in La Tuna FCI, in Zinton, Texas. A petition filed pursuant to § 2241 must be filed in the

---

[1] As the motion was filed more than ten days after the entry of final judgment, the district court properly considered it as being filed pursuant to Fed. R. Civ. P. 60(b). See Hawkins v. Evans , 64 F.3d 543, 546 (10th Cir. 1995).

-2-

district where the petitioner is incarcerated. See Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).

"The fact that a prisoner is outside the territorial limits of a federal district court does not deprive it of subject matter jurisdiction. A district court has *subject matter* jurisdiction over a habeas corpus petition alleging a violation of federal law under federal question jurisdiction." Dunne v. Henman, 875 F.2d 244, 248-50 (9th Cir. 1989) (citations omitted). The issue is "whether a district court without personal jurisdiction over a person's *custodian*, outside its territorial limits, would have the power to enforce its orders." [2] Id. (and cases cited therein). "[T]he court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody . . . because [t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000) ( citations and quotation omitted).

In Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973), the Court held that a state prisoner wishing to challenge a detainer may file

---

[2] Personal jurisdiction is a waivable defense. See FDIC v. Oaklawn Apartments, 959 F.2d 170, 174-75 (10th Cir. 1992). Any objection a party may have to the court's exercise of personal jurisdiction over it must be asserted in the answer or in a pre-answer motion. See id. The government was not served and did not participate in this case until we ordered briefing on appeal. At that time, the government asserted the defense. Therefore, no waiver occurred.

a habeas petition either in his current state of incarceration or in the state which lodged the detainer against him. Id. at 498-99. However, a different situation is present here. Mr. Foster is

> challeng[ing] the manner in which the federal authorities are executing his federal sentence[] . . . . Federal district courts have no authority to monitor the execution of a prisoner's sentence. That task is left to the Bureau of Prisons. The proper forum to challenge the execution of a sentence is the district where the prisoner is confined.

> [Mr. Foster] has challenged the execution of his sentence by the Attorney General of the United States. He does not challenge the imposition of the federal sentence[]. Under these circumstances, [he] must name the warden of the penitentiary where he is confined as respondent and file his action in the district court whose territorial limits include his place of confinement. Failure to file a section 2241 petition attacking the execution of his federal sentence in the district where he is confined, denies the district court in personam jurisdiction over the warden to carry out its orders.

Dunne, 875 F.2d at 249-50.

We reject Mr. Foster's contention that the "boundaries of 'custody'" do not apply to federal prisoners (Reply Br. at 2) thereby implying that the Attorney General, because he supervises the Federal Bureau of Prisons, should be considered the custodian of every prisoner in federal custody, thus conferring jurisdiction on every federal court over all federal habeas petitioners. See Vasquez, 233 F.3d at 691 (and cases cited therein). Further, while we construe pro se pleadings liberally and will review the pleadings to see if jurisdiction can be asserted under any theory, the fundamental requirements of the Federal Rules

-4-

of Civil Procedure apply equally to pro se and counseled litigants. <u>See, e.g.</u>, <u>Ogden v. San Juan County</u>, 32 F.3d 452, 455 (10th Cir. 1994). [3] At the time he filed his petition, Mr. Foster should have filed it in the district court in Arizona. He may now file one where his custodian is currently physically located.

The judgment of the United States District Court for the District of New Mexico is VACATED and the case is REMANDED to the district court with instructions to dismiss it without prejudice for lack of jurisdiction. We grant Mr. Foster's motion for leave to proceed <u>in forma pauperis</u> on appeal. The mandate shall issue forthwith.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3] Of course, parole or subsequent removal of a petitioner from the district with jurisdiction at the time a habeas petition is filed does not divest the court of its jurisdiction. <u>See</u> <u>Barden v. Keohane</u>, 921 F.2d 476, 477 n.1 (3rd Cir. 1990) (jurisdiction over habeas petition is determined when petition is filed).