**Freddie MYERS, Petitioner–Appellant,**

v.

**UNITED STATES, Respondent–Appellee.**

**Docket No. 01–2282.**

United States Court of Appeals, Second Circuit.

Feb. 25, 2002.

---

1. Notably, Small does not challenge the three point managerial role adjustment he received pursuant to U.S.S.G. § 3B1.1(b).

Alexei Marc Schacht, Nalven & Schacht, Astoria, NY, for appellant.

Jennifer G. Rogers, Assistant United States Attorney; Meir Feder, Assistant United States Attorney, of counsel, New York, NY, for Mary Jo White, United States Attorney for the Southern District of New York.

Present SACK, B.D. PARKER, and GIBSON,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appellant's 28 U.S.C. § 2241 petition is hereby DISMISSED.

The petitioner-appellant Freddie Myers appeals from a judgment of the United States District Court for the Southern District of New York (Michael B. Mukasey, *Chief Judge*), construing his 18 U.S.C. § 2241 habeas petition as an 18 U.S.C. § 2255 motion and transferring it to us for authorization because Myers has filed previous § 2255 motions. *See Myers v. United States*, 01CV3136 (S.D.N.Y. April 16, 2001) (citing *Liriano v. United States*, 95 F.3d 119 (2d Cir.1996) (*per curiam* )). Because Myers failed to file an application requesting that we authorize a successive § 2255 motion, we issued an order dismissing his § 2255 motion. *Myers v. United States*, No. 01–3560 (2d Cir. June 13, 2001). Myers then filed in this court a *pro se* motion to proceed *in forma pauperis*. A panel of this court granted this motion and appointed counsel to brief one issue: "whether 28 U.S.C. § 2241 is available to a petitioner to raise a 'legal innocence' claim under *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), that was unavailable to the petition-

er at the time he filed his first 28 U.S.C. § 2255 motion." *Myers v. United States*, No. 01–2282 (2d Cir. July 11, 2001). The sole issue on appeal is whether Myers's may receive relief pursuant to § 2241 from his forty-year sentence for conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848.

We lack jurisdiction to hear Myers's § 2241 petition because he is incarcerated in a federal penitentiary in Leavenworth, Kansas. While a § 2255 motion may be brought in the district where the petitioner was convicted and sentenced, a § 2241 petition may be brought only in the district where the petitioner is confined, unless the district where the petitioner is confined is in the same state in which he was convicted and sentenced. *Id.* § 2241(a) ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions*.") (emphasis added); *id.* 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493–501, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 948 (2d Cir.1976); *Dunne v. Henman*, 875 F.2d 244, 247–50 (9th Cir. 1989).

Usually we would transfer this case to a Kansas district court pursuant to 28 U.S.C. § 1631, which allows for transfer from a court without jurisdiction to a court with jurisdiction "if it is in the interest of justice." But it is not "in the interest of justice" to transfer this petition because Myers has already filed two unsuccessful § 2241 petitions in the Kansas district courts. *Myers v. Booker*, 232 F.3d 902 (table), No. 00–3232, 2000 WL 1595967, at *1 (10th Cir. Oct.26, 2000). Myers filed the present action only after the Tenth Circuit dismissed his § 2241 petition by

* Of the United States Court of Appeals for the   Eighth Circuit, sitting by designation.

rejecting on the merits the identical claims he raised before Chief Judge Mukasey. *See* 2000 WL 1595967, at \*2.

For the foregoing reasons, Myers's § 2241 petition is hereby DISMISSED.