**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHRISTOPHER WOOD, | No. 14-15589 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-01667-JAD-GWF |
| v. | |
| DWIGHT NEVEN, Warden and ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted May 12, 2015
San Francisco, California

Before: KOZINSKI, PAEZ, and CLIFTON, Circuit Judges.

Christopher Wood appeals the district court's dismissal of his habeas

petition, alleging, inter alia, that his counsel at the time of his plea was ineffective

for failing to advise him of the availability of an appeal.  The district court

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

dismissed claim E(3) on the grounds that it was untimely and unexhausted. The parties continue to dispute whether claim E(3) is exhausted and relates back to Wood's original federal habeas petition. Under 28 U.S.C. § 2254(b)(2) a habeas petition may be denied on the merits, notwithstanding the failure of the petitioner to exhaust his claims in state court. This is a proper case to invoke our authority under § 2254(b)(2), because Wood has suffered no prejudice and, therefore, his ineffective assistance of counsel claim must fail. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). It is thus "perfectly clear" that his petition is meritless. *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). Because we may affirm the district court on "any basis shown by the record," *Dunne v. Henman*, 875 F.2d 244, 247 (9th Cir. 1989), we deny Wood's petition on its merits rather than on the district court's procedural analysis.

Wood seeks to retain the benefit of his plea bargain. Thus, he only challenges the application of Nevada's "small" habitual criminal sentencing enhancement, Nev. Rev. Stat. § 207.010, because Wood argues that if he prevails, Nevada law would permit him to maintain his original sentence and excise only the enhancement.

The Nevada state courts, however, already considered this sole underlying claim and rejected it. Wood filed a pro se state habeas petition alleging that his

counsel was ineffective for failing to object to the district court's imposition of the enhancement, notwithstanding the state's untimely filing of the notice of habitual criminality. In assessing that petition, the Nevada Supreme Court concluded that Wood's counsel waived the notice requirement as part of a plea bargain from which Wood gained "substantial benefit"; so substantial, in fact, that Wood "failed to demonstrate a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial had counsel not waived the timely notice."

Thus, Wood has received review of the sole claim he says he would appeal and would have appealed were it not for his attorney's faulty advice. Even if his attorney were ineffective, Wood can show no prejudice, and it is thus "perfectly clear" that his petition is meritless. *Cassett*, 406 F.3d at 624. Having concluded that claim E(3) fails on the merits, we need not address Wood's remaining assignments of error.

**AFFIRMED.**